UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. **8:20-cv-01563-JLS-SHK** | Date: **September 2, 2022** |
| Title: ***Mamie T. Young v. Kilolo Kijakazi, Acting Comm'r of Soc. Sec.*** | |

Present: The Honorable   Shashi Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):**   **ORDER TO SHOW CAUSE**

On August 18, 2021, Plaintiff Mamie T. Young ("Plaintiff") and the Commissioner of Social Security ("Commissioner," "Secretary," or "Defendant") filed a Stipulation to Voluntary Remand ("Stipulation" or "Stip.") Pursuant to Sentence Six of 42 U.S.C. § 405(g) ("§ 405 (g)") to "remand the case to an Administrative Law Judge [('ALJ')] for a de novo hearing." Electronic Case Filing Number ("ECF No.") 18, Stip. at 2. On August 25, 2021, the Court granted the Stipulation and remanded the case to the Commissioner pursuant to Sentence Six of § 405(g) ("Remand Order") consistent with the terms of the stipulation. ECF No. 19, Remand Order at 1.

Because the case was remanded to the Commissioner pursuant to sentence six of § 405(g), the Court: (1) retained jurisdiction over the case until there is a final administrative decision; (2) stayed the case until the administrative proceedings are complete and the Commissioner notifies the Court of such completion; (3) ordered the parties to file a joint status report with the Court regarding the progress of the administrative proceedings every sixty days until the administrative proceedings are complete; and (4) ordered Defendant to notify the Court of the Commissioner's final disposition in the underlying administrative proceedings within fourteen days of the Commissioner rendering a final decision so that the Court may either issue a new case management order to continue this litigation or enter a final Judgment in this case. See ECF No. 20, Order Staying the Case and Requiring a Status Update ("Stay Order") at 2. Defendant timely filed two status updates as ordered on October 26, 2021, and December 21, 2021. See ECF Nos. 21, 22, Status Reports. However, neither party has filed a status report since December 21, 2021.

Because neither party has filed a status report as ordered in over eight months, it appears that the parties have abandoned this litigation. Consequently, the parties are ordered to show cause by **September 15, 2022,** why this case should not be dismissed for failure to prosecute and follow

Court orders.  The parties can comply with this order by filing a status report by **September 15, 2022**.

**IT IS SO ORDERED.**