UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **8:20-cv-01563-JLS-SHK** | Date: | September 8, 2023 |

| | |
|---|---|
| Title: | ***Mamie T. Young v. Kilolo Kijakazi, Acting Comm'r of Soc. Sec.*** |

Present: The Honorable    Shashi Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):    ORDER TO SHOW CAUSE**

On August 18, 2021, Plaintiff Mamie T. Young ("Plaintiff") and the Commissioner of Social Security ("Commissioner," "Secretary," or "Defendant") filed a Stipulation to Voluntary Remand ("Stipulation" or "Stip.") pursuant to Sentence Six of 42 U.S.C. § 405(g) ("§ 405 (g)") to "remand the case to an Administrative Law Judge [('ALJ')] for a de novo hearing."  Electronic Case Filing Number ("ECF No.") 18, Stip. at 2.  On August 25, 2021, the Court granted the Stipulation and remanded the case to the Commissioner pursuant to Sentence Six of § 405(g) ("Remand Order") consistent with the terms of the Stipulation.  ECF No. 19, Remand Order at 1.

Because the Court remanded the case to the Commissioner pursuant to Sentence Six of § 405(g), the Court: (1) retained jurisdiction over the case until there is a final administrative decision; (2) stayed the case until the administrative proceedings are complete and the Commissioner notifies the Court of such completion; (3) ordered the parties to file a joint status report with the Court regarding the progress of the administrative proceedings every sixty days until the administrative proceedings are complete; and (4) ordered Defendant to notify the Court of the Commissioner's final disposition in the underlying administrative proceedings within fourteen days of the Commissioner rendering a final decision so that the Court may either issue a new case management order to continue this litigation or enter a final Judgment in this case.  See ECF No. 20, Order Staying the Case and Requiring a Status Update ("Stay Order") at 2.

Thereafter, the parties filed two status reports as ordered on October 26, 2021, and December 21, 2021.  See ECF Nos. 21, 22.  However, the parties then failed to file status reports as ordered, and so on September 2, 2022, the Court ordered the parties to show cause ("OSC") why the case should not be dismissed for failure to prosecute and follow Court orders.  ECF No. 24, OSC.

Thereafter, the parties filed three more status reports, see ECF Nos. 25-27, before again failing to timely file a status report.  Consequently, the Court ordered the parties, again, to show cause ("Second OSC") why the case should not be dismissed for failure to file a status report as ordered.  ECF No. 28, Second OSC.  The parties were "admonished that it is their responsibility to comply with Court filing deadlines."  Id. at 2.  The Court warned that because it had "twice reminded the attorneys to comply with Court orders and filing deadlines, **failure to file a status report by the date listed above will result in a recommendation that this case be dismissed with or without prejudice for failure to prosecute and follow Court orders.**"  Id. (emphasis in original).  The parties filed two more status reports on May 2, 2023, and June 26, 2023.  See ECF Nos. 29, 31.  Thus, the current status report was due on August 25, 2023.  As of the date of this order, however, neither party has filed a status report.

Accordingly, the parties are ordered to show cause by **September 15, 2023,** why this case should not be dismissed for failure to prosecute and follow Court orders.  Compliance with this order requires that the parties file a status report by the date listed above.

The parties are admonished, again, that it is their responsibility to comply with Court filing deadlines and that because the Court has now thrice reminded the attorneys to comply with Court orders and filing deadlines, **failure to file a status report by the date listed above will result in a recommendation that this case be dismissed with or without prejudice for failure to prosecute and follow Court orders.**

**IT IS SO ORDERED.**